■ In the Matter of GEORGE W. UNDERWOOD, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act, transferred to this court by an order of the Supreme Court at Special Term, to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's driving license, pursuant to section 71-a of the Vehicle and Traffic Law, for "refusal to submit to chemical test for the purpose of determining the alcoholic content in his blood". The only evidence adduced was the testimony of the arresting police officer who testified that petitioner first consented to submit to the test and that: "The doctor did draw a little blood from him but it was not enough. Then he refused. I don't know the medical details of it, how much you have to draw, whether you have to get a certain amount. He didn't get enough for the doctor to run the test. The doctor wanted him to finish the test and he refused to go any further and under no circumstances or any amount of talking to, neither the doctor nor I could get him to finish the test." The proof seems to us of insufficient substance, suggesting, as it does, questions which can be answered only by the physician's testimony or perhaps by other expert evidence. Thus it is not shown what quantity of blood was required for the test, what amount was obtained or why a sufficient amount was not obtained in the first instance, if the test failed on that account; nor does the record sufficiently disclose the circumstances under which the test was interrupted, if it was. The circumstances might warrant a determination that petitioner's actions were such that his consent became no consent at all. On the other hand, it may be that if consent and co-operation were given and an opportunity given for a proper test which failed for some reason not attributable to petitioner, it was not unreasonable for petitioner to decline to permit a repetition of the process. Determination annulled, with $25 costs, and matter remitted to

the Commissioner of Motor Vehicles for further proceedings. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.