■ In the Matter of ARTHUR G. NEET, JR., Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles, Respondent.— GIBSON, P. J. Proceeding under article 78 of the CPLR to review a determination of the Commissioner of the Department of Motor Vehicles which revoked petitioner's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood following his arrest for driving while intoxicated. (Vehicle and Traffic Law, § 1194, subd. 1.) Concededly, petitioner declined a proper request that he consent to a blood test and, according to the arresting State trooper's testimony, so declined more than once. It is provided in subdivision 3 of section 1192 of the Vehicle and Traffic Law that upon a trial for any of the purposes set forth in that subdivision, "the court may admit evidence of the amount of alcohol in the defendant's blood taken *within two hours* of the time of the arrest" (emphasis supplied). Here, petitioner, admitting his initial refusal of consent, adduced testimony from his father that the father, upon arrival at the police station some 75 minutes after the arrest (by which time petitioner had been arraigned and released on bail), asked the arresting trooper why his son could not take the test and that the trooper said that it was too late. The trooper testified that he did not recall having any conversation with the father and that neither the father nor the son at any time indicated any willingness on the part of the son to submit to the test. Petitioner's testimony differed from that of his father, being that after his father's arrival, he, petitioner, asked the Magistrate whether he could take the test, and the purport of his somewhat confused testimony is that the Magistrate replied in the negative. Petitioner seeks annulment on the ground that his alleged willingness to take the test some considerable time after his initial refusal and within the two-hour period

vitiated the legal effect otherwise to be given his refusal. As appears from the above quotation thereof, the two-hour limitation is to qualify the results of the test for admission in evidence and not necessarily to confer additional privileges upon the defendant or to extend his rights in point of time (cf. *Matter of Sowa* v. *Hults,* 22 A D 2d 730, 731); but we do not, in any event, reach whatever legal question might thus be presented inasmuch as the Commissioner, as was his right, upon evaluating the credibility of the witnesses chose not to credit that adduced on petitioner's behalf and found, "notwithstanding the contentions in the record, that there was no expression of willingness to take the test made by Mr. Neet to the trooper while Mr. Neet was in his custody. The credible evidence indicates that no such willingness was expressed to the trooper in response to his request nor thereafter on Mr. Neet's behalf." We are, of course, without authority to disturb this purely factual conclusion of the administrative agency. Determination confirmed, without costs. Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.