■ MARY PACER, as Executrix of WALTER PACER, Deceased, Appellant, v. CLARENCE A. HACKETT, INC., et al., Respondents, and A. E. ANDERSON CONSTRUCTION CORPORATION et al., Appellants.— Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term properly denied the relief sought under CPLR 3120 (subd. [b]) but erred in basing its denial upon the ground that "Bethlehem Steel Corporation is not a party to this action". A person not a party may be directed to do whatever a party may be directed to do but "The motion for such order shall be on notice to all adverse parties". It is conceded that defendants-respondents' motion was not made against the plaintiff and must, therefore, be denied for failure to give the requisite notice. The order further required the nonparty appellant "to produce the entire investigation file in its possession or control" pursuant to CPLR 3101. This blanket direction, without specifically designating the documents to be inspected, is clearly too broad and all-embracing. It made no exception for privileged matter, attorney's work product or material prepared for litigation (CPLR 3101, subd. [a], par. [4]; subds. [b] [c] [d]). Notwithstanding the acknowledged liberal disclosure provisions of the CPLR, this shot-gun approach finds no support in the many reported decisions dealing with this subject (*Reese* v. *Long Is. R. R. Co.*, 24 A D 2d 581; *Kandel* v. *Tocher*, 22 A D 2d 513; *Finegold* v. *Lewis*, 22 A D 2d 447; *Rios* v. *Donovan*, 21 A D 2d 409). (Appeals from order of Erie Special Term granting in part motion for discovery and inspection.) Present — Williams, J. P., Goldman, Marsh, Witmer and Henry, JJ.

■ In the Matter of THOMAS J. SWEENEY, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled, without costs. Memorandum: Petitioner was involved in an automobile accident on April 19, 1967 at about 1:10 A.M. At 1:15 A.M. he was arrested by a police officer who asked him if he wished to submit to an alcohol test, and told him that it was not mandatory for him to do so. Petitioner said that he would like to speak to an attorney and did not wish to take the test. The accident occurred within one half mile of the office of Justice of the Peace Hall, to whom the officer then took petitioner, arriving there at 2:10 A.M. for arraignment. During the arraignment Justice Hall advised petitioner that if he refused to take the test, suspension of his license was mandatory. Petitioner thereupon agreed to take the test. At Justice Hall's request the officer called the police barracks to have the test given; but the officer there refused to arrange for the test on the ground that petitioner had already refused to take such test. We find that petitioner did not make an understanding refusal to take the test. The request made of him by the officer misled petitioner to believe that the test was optional, and that no penalty would result from refusal to take it. As soon as he learned that this was not the case, he agreed to submit to the test. It is apparent that he acted in good faith; and his unqualified offer was made within one hour after the accident and less than an hour after his arrest so that no prejudice resulted. His original refusal to take the test was not made to gain time; and more than an hour remained in which a proper test could have been given within the statutory time (Vehicle and Traffic Law, § 1192, subd. 3). This case is, therefore, clearly distinguishable from *Matter of Lundin* v. *Hults* (29 A D 2d 581); *Matter of Neet* v. *Hults* (26 A D 2d 970); *Matter of McKenna* v. *Hults* (25 A D 2d 951) and *Matter of Pettengill* v. *Hults* (21 A D 2d 853). (Review of determination revoking petitioner's driver's license, transferred by order of Onondaga Special Term.) Present — Williams, J. P., Goldman, Marsh, Witmer and Henry, JJ.