■ In the Matter of WILLIAM A. JENTZEN, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Determination unanimously annulled, with costs. Memorandum: In this review of respondent's determination revoking petitioner's operator's license on the ground that he refused to submit to a test for determining the alcoholic content of his blood, we find that petitioner did not make an understanding refusal to take the test. (Cf. *Matter of Sweeney* v. *Tofany*, 30 A D 2d 934.) He was involved in an automobile collision at 8:00 P.M. Five minutes thereafter he was arrested and in response to the arresting officer's question " Will you submit to a chemical test for intoxication?" he said "I cannot be involved in anything." He was not informed that refusal to take the test would be grounds for revocation of his driver's license. He called his attorney who arrived at the station at about 9:00 P.M. Petitioner then, on the advice of his attorney, consented to take the test but the officer declined to give it on the ground that petitioner had already refused to take it. There were facilities at the station for administering the test. Nearly an hour remained in which a proper test could have been given within the statutory time (Vehicle and Traffic Law, § 1192, subd. 3). Under these circumstances there was not a refusal to take the test. (Review of determination revoking operator's license, transferred by order of Erie Supreme Court.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVESTER BRIGGS, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing in accordance with the following memorandum: Defendant is entitled to a hearing upon the allegation in his petition that he was not competent to assist in his defense at trial by reason of physical and mental illness incident to his withdrawal from narcotics addiction. *Coram nobis* is the only method available to defendant to present to the court his proof that he lacked the capacity to assist in his own defense the trial court having made no determination as to his mental state reviewable on appeal from the judgment of conviction. (See *People* v. *Brown*, 13 N Y 2d 201; *People* v. *Boundy*, 10 N Y 2d 518.) (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for violation of Penal Law, § 1751, subd. 1, rendered Feb. 3, 1965.) Present— Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FELIX JOHN OLKOWSKI, Appellant.— Order unanimosuly reversed and matter remitted to Onondaga County Court for a hearing upon the ground that the allegations of defendant's petition raise issues of fact which entitled him to a hearing on the merits. (*People* v. *Weldon*, 17 N Y 2d 814.) (Appeal from order of Onondaga County Court denying, without a hearing, motion for resentence.) Present— Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ INEZ WISHMAN, Appellant, v. GENESEE-MONROE RACING ASSOCIATION, INC., Also Known as BATAVIA DOWNS, et al., Respondents.— Order unanimously modified, without costs, and as modified affirmed, in accordance with the following memorandum: Upon the consent of respondents on oral argument, the order is modified to provide that it is without prejudice to the right of appellant to move for an enlargement of time to complete the examination before trial. (Appeal from order of Monroe Trial Term granting motion to limit examination before trial.) Present— Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.