■ In the Matter of ROBERT M. DONAHUE, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— STALEY, JR., J. Proceeding under article 78 of the CPLR to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood following his arrest for driving while intoxicated. (Vehicle and Traffic Law, § 1194, subd. 1.) Petitioner was arrested on December 2, 1967 about 1:40 A.M. by a State Trooper and charged with driving while intoxicated. At the time of his arrest petitioner was asked if he would submit to a chemical test for intoxication and he said that he would. While petitioner and the trooper were en route to the barracks in the patrol car, petitioner was told that they would meet the doctor at the barracks for the blood test, at which time petitioner replied that he would not submit to any test. Petitioner concedes that he was advised of his rights, his right to the aid of counsel. Petitioner was thereafter arraigned before a Police Justice

where he conferred with his attorney by telephone. His attorney also talked with the trooper over the telephone which was about one and one-half hours after the arrest, and told the trooper that petitioner could submit to a chemical test. Petitioner testified that at that time he offered to take the test but was told it was too late. The trooper testified that the petitioner said nothing about taking the test after his conversation with his attorney. Petitioner contends that his alleged consent to take the chemical test some considerable time after his refusal, but within two hours after his arrest, cannot be construed as a refusal to submit to the test. The two-hour limitation provided by subdivision 3 of section 1192 of the Vehicle and Traffic Law is for the purpose of qualifying the results of the test for admission in evidence, and not necessarily to confer additional privileges upon the defendant, or to extend his rights in point of time. (*Matter of Neet* v. *Hults*, 26 A D 2d 970.) The Referee found that petitioner refused to submit to a chemical test, and that the refusal occurred within a two-hour period following the arrest. Upon the evidence respondent's findings were justified and as purely factual conclusions of an administrative agency, should not be disturbed. (*Matter of Lundin* v. *Hults*, 29 A D 2d 581; *Matter of Sowa* v. *Hults*, 22 A D 2d 730.) Determination confirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.