■ In the Matter of CHARLES R. DOBBINS, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Warren County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license pursuant to subdivision 1 of section 1194 of the Vehicle and Traffic Law (as amd. by L. 1969, ch. 1027). At about 11:15 in the evening of February 21, 1970, petitioner was arrested in Warrensburg by a Deputy Sheriff for a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (as amd. by L. 1966, ch. 963), operating a motor vehicle while in an intoxicated condition. Although there is a conflict as to certain evidence, the officer testified that he asked petitioner if he would submit to a chemical test to determine the alcoholic content of his blood and warned him of the possible consequences upon failure to do so; that petitioner indicated his willingness for such a test and he was taken to a doctor's office in said community; that the physician returned to his office at about 11:45 that night and, when he proceeded to take a sample, petitioner said he wanted two officers other than those present to advise him; that, after an explanation of the procedure by the doctor and a 15 or 20 minute conversation, petitioner stated he would not submit until he talked to his lawyer; that the doctor then advised the deputy and his colleague that it was late and that, if they wanted a blood test, they should take petitioner to a hospital; and that then petitioner said he would take the test. It is clear that the holder of a motor vehicle operator's license cannot condition his consent to take a chemical test on his first consulting with counsel (*Matter of Brady* v. *Tofany*, 36 A D 2d 987, affd. 29 N Y 2d 680) and the two-hour limitation of subdivision 3 of section 1192 of the Vehicle and Traffic Law (as amd. by L. 1960, ch. 184) was to qualify the results of the test for admission in evidence and not necessarily to confer additional privileges upon a defendant or to extend his rights in point of time (cf. *Matter of Neet* v. *Hults*, 26 A D 2d 970). Upon the evidence, respondent had the right to determine that petitioner's conduct at the doctor's office, covering a period of time, constituted a refusal to submit to the statutory test and, in view of the existing circumstances such as the hour and the reasonably adequate opportunity for decision subsequent to request, petitioner's vacillation should not be permitted to hamper the arresting officer or to frustrate

the statutory design (cf. *Matter of Donahue* v. *Tofany*, 33 A D 2d 590, mot. for lv. to app. den. 25 N Y 2d 744; *Matter of Sowa* v. *Hults*, 22 A D 2d 730, 731). Determination confirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.