In the Matter of HARRY C. WHITE, Petitioner, v ARNOLD FISHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, December 4, 1975

*Leonard E. Lombardi* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald* and *Ruth Kessler Toch* of counsel), for respondent.

KOREMAN, J. Petitioner was arrested for driving while intox-

icated. He was asked to submit to a chemical test, and was warned that his refusal could result in revocation of his operator's license. Petitioner agreed, but while en route to a State Police substation in a patrol car, he told the trooper, without explanation, that he would not take the test. The trooper repeated the warning but petitioner still refused and the trooper then proceeded to the home of a Judge to arraign him. During the course of petitioner's arraignment he began a discussion with the Judge and with friends concerning the test and finally decided that he wanted to take the test. The Judge asked the trooper if he would give the test but the trooper refused, stating he would not have the amount of time required.

At the hearing held pursuant to section 1194 of the Vehicle and Traffic Law, the trooper admitted that at the time of petitioner's last offer to take the test, more than an hour remained of the statutory two-hour period, that the breathalyzer could be warmed up and ready to use with a half hour to spare, and that he "supposed" his refusal to administer the test was arbitrary. The petitioner testified that his refusal, made while in the patrol car, was because "I had just within a five-minute period had a drink. And I figured that it was too soon after having a drink, that anybody would fail the test. So I then said I would not take the test". He also testified that the trooper again told him "that the refusal to take the test could result in the revocation of my license". The Referee found that the petitioner's actions constituted a refusal to submit to the chemical test within the meaning of section 1194.

Petitioner, citing *Matter of Jentzen v Tofany* (33 AD2d 532), argues that if a driver recants his refusal sufficiently within the statutory two-hour period, he has not refused to take the test within the meaning of section 1194. In *Jentzen,* however, no warning was given and it was found that petitioner did not make an understanding refusal. That situation is readily distinguishable from the instant case. The two-hour limitation provided by subdivision 1 of section 1194 of the Vehicle and Traffic Law is for the purpose of qualifying the results of the test for admission in evidence, and not necessarily to confer additional privileges upon the defendant, or to extend his rights in point of time. Upon the evidence, respondent had the right to determine that petitioner's conduct constituted a refusal to submit to the statutory test *(Matter of Dobbins v*

*Tofany,* 38 AD2d 870; *Matter of Donahue v Tofany,* 33 AD2d 590; *Matter of Neet v Hults,* 26 AD2d 970).

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., SWEENEY, KANE and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.