■ In the Matter of William D. McGuirk, Petitioner, v Arnold B. Fisher, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's motor vehicle operator's license. The evidence establishes that on October 6, 1973 at about 3:30 A.M., petitioner was arrested at the scene of a one-car accident which did not involve his car. He had left his car standing on the highway while he and the passenger in his car were attending to an injured person in a damaged car off the highway. While being questioned by a State trooper at the scene, petitioner was charged with driving while intoxicated and taken to the State Police barracks for a breathalyzer test. Based upon petitioner's alleged refusal to submit to the test, a hearing was held pursuant to section 1194 of the Vehicle and Traffic Law. The trooper testified that petitioner admitted that he and his companion were on their way home from a tavern; that he detected the odor of alcohol on petitioner's breath and his eyes were bloodshot. For these reasons, as well as the trooper's observations of the petitioner, and because of his antagonistic attitude and manner, including his refusal to disclose the name of the driver of the car involved in the accident, whom he knew, the petitioner was charged with driving while intoxicated. The trooper also testified that he requested petitioner to submit to a chemical test and warned him that his refusal could result in revocation of his license; that petitioner made no answer to this request when he was placed under arrest; that thereafter at the State Police barracks he again warned that if petitioner did not take the test his license might be revoked, and that petitioner remained seated and refused to come forward so that the test

could be administered. Petitioner testified that he was driving his passenger home and was following the vehicle that went off the highway, and that he stopped to assist the occupants of that vehicle. He testified further that he did not recall the trooper asking him to submit to a chemical test at the scene of the accident, but that he was asked at the State Police barracks and was also advised of the consequences of his refusal, and that he told the trooper he did not know whether or not he would submit to the test. The referee found that the trooper had reasonable grounds to believe that petitioner was driving while intoxicated, and that his actions amounted to a refusal to submit to the chemical test within the meaning of section 1194 of the Vehicle and Traffic Law. We conclude that, under the facts as established, respondent properly determined that petitioner's conduct constituted a refusal to submit to the statutory test *(Matter of White v Fisher,* 49 AD2d 450). We find no merit to petitioner's contention that he was denied his right to counsel and his right of cross-examination. The record shows clearly that petitioner chose to proceed with the hearing without an attorney, and that he made no request for an adjournment of the hearing for the purpose of having counsel present. Furthermore, when specifically asked by the referee whether he wished to ask any questions of the witnesses, petitioner answered "no". Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.