■ In the Matter of ALLAN D. REED, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle. At the time of his arrest for driving while intoxicated, petitioner refused to submit to a breathalyzer test despite the arresting officer's warning that such refusal could lead to revocation of his license. He refused again at the police station, but as he was about to be taken from the station for arraignment he requested the test. The officer would not administer it, even though there remained enough time to complete the test within the two-hour statutory period (Vehicle and Traffic Law, § 1194, subd 1). The commissioner affirmed the referee's revocation of petitioner's license for refusing to submit to the test. Petitioner contends that by recanting his refusal within the two-hour period he effectively consented to the test and, therefore, is not subject to the penalty for refusal. This precise contention was rejected in *Matter of White v Fisher* (49 AD2d 450; see *Matter of Burns v Melton*, 59 AD2d 975). Petitioner further contends that by unilaterally adjourning the fact-finding hearing the commissioner unconstitutionally denied him a speedy trial. The revocation here was a civil, not criminal, sanction, and, therefore, constitutional speedy trial rights are not in issue *(Matter of Minnick v Melton*, 53 AD2d 1016). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.