■ In the Matter of JOHN E. BURNS, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's driver license. This is an article 78 proceeding to review respondent's determination revoking petitioner's operator's license. On May 3, 1974 at about 7:15 P.M., petitioner was arrested for driving while intoxicated. On this proceeding, petitioner does not question the officer's right to make the arrest or that the officer did not advise him of the contents of section 1194 of the Vehicle and Traffic Law. The sole issue for our determination is whether petitioner was denied effective access to counsel as contended. The arresting officer testified that petitioner twice refused to submit to the test, once at 7:23 P.M. and the second time at 8:30 P.M. Petitioner, on the other hand, testified that he did not refuse but wanted to consult with counsel; that he was not allowed to talk to his wife by telephone until 8:30 P.M., at which time he instructed her to contact counsel; and that the attorney did not contact him until 9:30 P.M. After talking with counsel, petitioner agreed to take the test but it was refused since more than two hours had elapsed (see Vehicle and Traffic Law, § 1194, subd 1). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the finding that petitioner refused to submit to the test within the meaning of section 1194 of the Vehicle and Traffic Law *(Matter of Reed v New York State Dept. of Motor Vehicles,* 59 AD2d 974; *Matter of White v Fisher,* 49 AD2d 450; *Matter of Brady v Tofany,* 36 AD2d 987, affd 29 NY2d 680). The

determination, therefore, should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.