■ In the Matter of WILBUR WHITE, JR., Petitioner v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Determination unanimously confirmed, without costs. Memorandum: This is a proceeding under CPLR article 78 transferred by order of the Supreme Court, Chautauqua County, to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license pursuant to subdivision 1 of section 1194 of the Vehicle and Traffic Law. Petitioner was arrested at about 2:00 A.M. for driving while intoxicated and was asked to submit to a chemical test to determine the amount of alcohol in his system. He was warned that his refusal could result in revocation of his operator's license.

He was informed that he should not place any object in his mouth. Neither at that point nor at any subsequent time did he verbally either consent or refuse to take the test. When the arresting officer and petitioner arrived at the Sheriff's department, petitioner put a cigarette in his mouth, which was removed by one of the deputies. He was once again informed that he should not place any object in his mouth prior to taking the test. Leaving petitioner in one room, the arresting officer went into another room to turn on the breathalyzer. When he returned, he observed petitioner with gum and a cigarette in his mouth. He told him that because of the two prior warnings, he considered his insistence on placing something in his mouth a refusal to take the test. Petitioner made no comment. Petitioner contends that his conduct should not be deemed a refusal inasmuch as he never stated that he would not participate in the test. He contends further that it was arbitrary on the part of the police officer to construe his behavior as a refusal and not to give him the test in view of the fact that the incident with the gum and cigarette took place only ten minutes after his arrest and well within the statutory two-hour period for administering the test. The two-hour limitation provided by subdivision 1 of section 1194 of the Vehicle and Traffic Law is for the purpose of qualifying the results of the test for admission into evidence, and not necessarily to confer additional privileges upon a defendant, or to extend his rights in point of time. (*Matter of White v Fisher,* 49 AD2d 450; *Matter of Dobbins v Tofany,* 38 AD2d 870; *Matter of Donahue v Tofany,* 33 AD2d 590, mot for lv to app den 25 NY2d 744; *Matter of Neet v Hults,* 26 AD2d 970.) Nor is *Matter of Jentzen v Tofany* (33 AD2d 532) relied on by petitioner, to the contrary. The officer's refusal to administer the test was there held to be improper, not because the petitioner withdrew his refusal and consented to take the test within the statutory two-hour period, but because the officer had failed to warn petitioner of the consequences of refusal. In the case before us, the officer warned the petitioner not once but twice of the consequences of refusal and his directive to petitioner that he should not place anything in his mouth was prompted by a rule on a direction sheet from the State breathalyzer operator which provides that nothing should be placed in the mouth for 20 minutes prior to taking a test. On the basis of the facts in this record, the referee was justified in finding that petitioner expressed no willingness to take the test and that his conduct was the equivalent of a refusal. We see no reason to disturb this conclusion of the administrative agency. (*Matter of Dobbins v Tofany, supra; Matter of Donohue v Tofany, supra; Matter of Neet v Hults, supra.*) (Article 78 proceeding transferred by order of Chautauqua Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.