■ In the Matter of CARMINE J. DI GIROLAMO, JR., Petitioner, v JAMES P. MELTON, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to annul a determination of the Commissioner of Motor Vehicles which revoked the petitioner's driver's license. The only arguments advanced on this proceeding to review the revocation of petitioner's driver license are (1) that petitioner was given inadequate warning of the effect of a refusal to submit to a breath chemical test to determine the alcohol content of his blood under section 1194 of the Vehicle and Traffic Law and (2) that substantial evidence did not support a finding that he refused to submit to said test. Neither claim is supported by the record. Petitioner's claim as to the allegedly inadequate warning was refuted by the testimony of two police officers. There is no reason to disturb the finding of the respondent on the question of credibility raised by such conflicting testimony *(Matter of Stork Rest., v Boland,* 282 NY 256). Petitioner bases his second argument upon the conceded fact that he gave his apparent consent to take the breathalyzer test on two occasions. These first two attempts to effect a reading, however, were unsuccessful because his manner of blowing into the machine did not produce sufficient quantities of air to cause it to register. Officer Relyea, who administered the test, described one attempt as follows: "Again the mouth piece, he just took the very edge of it and just blew real easy which *[sic]* most of the air was going around the mouth piece and not directly into it". After the first two efforts had failed, petitioner refused further requests to comply with the testing officer's instructions. The consent by the petitioner may be regarded as no consent at all if, as it appears from this record, the test failed for reasons attributable to him *(Matter of Underwood v Kelly,* 5 AD2d 740). There is substantial evidence in this record from which the respondent could have concluded that the petitioner's conduct amounted to a refusal as contemplated by the statute. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.