■ SIDNEY C. GOULD, as Executor of JULIUS WOOD, Deceased, Respondent, v MARTIN'S, Also Known as MARTIN'S DEPARTMENT STORE, Appellant, et al., Defendants.—In an action to recover damages for false arrest, false imprisonment, assault and battery, wrongful death and conscious pain and suffering, the corporate defendant appeals (1) as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County, dated March 21, 1977, as denied its motion for a protective order vacating plaintiff's notice of discovery and inspection with respect to Items Nos. 1, 3, 6 and 8 and (2) from so much of a further order of the same court, dated December 29, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated March 21, 1977 dismissed as academic. That order was superseded by the order granting reargument. Order dated December 29, 1977 modified by adding thereto, immediately after the date "March 21, 1977", the following: "except as to item 6, which item is vacated." As so modified, order affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. The plaintiff's request in the notice of discovery and inspection for the "complete file kept and maintained by the defendant, Martin's Department Store, in connection with this occurrence" is overly broad and need

not be complied with (see *Pacer v Clarence A. Hackett, Inc.,* 30 AD2d 934). Accordingly, Special Term erred insofar as it denied the motion for a protective order with respect to that item. In all other respects the determination of Special Term was proper. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.