■ In the Matter of MICHAEL J. SULLIVAN, Petitioner, v JAMES P. MELTON, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Petition unanimously granted, with costs, and determination annulled. Memorandum: Petitioner brought this article 78 proceeding to annul a determination of the Commissioner of Motor Vehicles which revoked his driver's license for refusing to submit to a chemical test of his breath in violation of section 1194 of the Vehicle and Traffic Law. Upon his arrest for driving while intoxicated at 3:55 A.M. the arresting officer informed petitioner that his rights pertinent to taking a breathalyzer test would be read to him at the station house and directed him not to place anything in his mouth. At the station house petitioner was warned that his refusal to submit to the chemical test may result in revocation of his license. Petitioner stated that he would submit to the breathalyzer test. At that time the officer noticed that petitioner had chewing gum in his mouth. He advised petitioner that a charge of obstructing governmental administration was to be levied against him and that this conduct constituted a refusal to take the breathalyzer test. Petitioner had placed the gum in his mouth while the rights were being read to him. This incident occurred about 4:05 A.M. Petitioner was never asked to remove the gum from his mouth and all activity with respect to the chemical test was then terminated. After a hearing the referee found that petitioner "ingested gum at a time when he was directed not to place any substance into his mouth", that his actions "were predicated upon an attempt to beat the officer's attempt to obtain a chemical test within the meaning of section 1194 [of the Vehicle and Traffic Law]" and "thus was a refusal to submit to a chemical test". The administrative appeals board recommended affirmance of the referee's determination which held that petitioner "knowingly thwarted the test". The commissioner approved the recommendation of the board. The board stated that the "issue here is not whether placing the gum in one's mouth is not a refusal to submit to the test, but rather whether [petitioner] interfered with the performance of the test after being properly warned not to put anything in his mouth". It concluded that under the language of the regulation, promulgated pursuant to subdivision 9 of section 1194 of the Vehicle and Traffic Law (10 NYCRR 59.5), once petitioner placed anything in his mouth the test could not be given. It further stated that "the test was not given not because the officer said it could not be given but because the statute required him to say that it could not be given because of the failure of [petitioner] to comply with the legitimate request of the officer". We disagree. Petitioner consented to submit to the test and was not advised that placing gum in his mouth would constitute a refusal. Section 59.5 merely provides for continuous observation of the accused for at least 15 minutes prior to the collection of the breath specimen during which period the subject shall not be allowed to place anything in his mouth. No evidence supports a finding that the test here could not have been given pursuant to this regulation, or that petitioner knowingly thwarted the test. Although "The two-hour limitation provided by subdivision 1 of section 1194 * * * is * * * not necessarily to confer additional privileges upon the defendant, or to extend his rights in point of time" (Matter of White v Fisher, 49 AD2d 450, 451), there were facilities at the station for administering the test and at least an hour remained during which a proper test could have been given within the statutory time (Matter of Jentzen v Tofany, 33 AD2d 532). No prejudice resulted from petitioner's placing gum in his mouth (Matter of Sweeney v Tofany, 30 AD2d 934). This is not the case where an initial consent to submit to the test is vitiated by conduct evidencing a refusal or where the

test failed for reasons attributable to petitioner *(Matter of Di Girolamo v Melton,* 60 AD2d 960; *Matter of Brueck v Melton,* 58 AD2d 1000). Petitioner was not informed that placing gum in his mouth would affect the test and he attached no condition to his consent to take the chemical test. His actions under the circumstances were not the equivalent of a refusal (cf. *Matter of White v Melton,* 60 AD2d 1000) and there is no substantial evidence to support the determination in this case *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). (Art 78 proceeding transferred by order of Albany Supreme Court.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.