■ In the Matter of LEWIS J. TANEY, JR., Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination dated September 5, 1980, which revoked petitioner's driver's license for refusal to take a chemical intoxication test as required by subdivision 1 of section 1194 of the Vehicle and Traffic Law. Petition granted, determination annulled, on the law, without costs or disbursements, and petitioner's driver's license reinstated. Respondent's determination is not supported by substantial evidence. Petitioner was involved in a one-car automobile accident during the late hours on April 3, 1979. Shortly after midnight on April 4, 1979, Trooper McLean of the New York State Police arrived on the scene. He observed petitioner, who had lacerations about the face, head and nose, seated on the ground nearby the vehicle. The officer claimed that he detected a strong odor of

alcohol on petitioner's breath. Petitioner was treated by medics at the scene of the accident and removed to a hospital. The trooper followed in his own vehicle and at the hospital questioned petitioner as to whether he had been drinking prior to the accident. Petitioner answered that he "had been drinking some wine", whereupon the trooper placed him under arrest for driving while intoxicated. Petitioner was asked to take a chemical intoxication test and responded that he would take the test. The trooper returned to the police station to obtain a breath analyzer, but when he arrived back at the hospital to administer the test, petitioner was found lying on his back "unconscious or asleep". Trooper McLean asked a nurse whether petitioner was asleep and she shrugged. McLean then began shaking petitioner in an effort to arouse him, but petitioner did not move. Soon thereafter a doctor entered and commenced suturing petitioner's face in the area of the nose and mouth. During the suturing process the trooper observed petitioner's face contort, his eyes close tighter, and heard sucking sounds from petitioner's mouth. Upon completion of the suturing the trooper again asked petitioner to take the chemical intoxication test. He informed petitioner that no response would be treated as a refusal. Petitioner made no response. Based on these findings following a Motor Vehicle hearing, the referee determined that petitioner "feign[ed] unconsciousness", which conduct constituted a continued refusal to take the chemical intoxication test. Petitioner's driver's license was thereafter revoked. Upon petitioner's appeal, the administrative appeals board unanimously recommended affirming the referee's holding, and the respondent Commissioner of Motor Vehicles approved the recommendation. We annul that determination. The referee's holding was based solely on the testimony of Trooper McLean, who did not have personal knowledge of whether petitioner had been administered drugs by the medics at the scene of the accident or by the treating physicians at the emergency room of the hospital. Furthermore, McLean was not qualified to give an opinion as to whether petitioner was conscious, in shock, anesthetized, or feigning unconsciousness. Petitioner agreed initially to take the chemical intoxication test and it was not established that the failure to complete the test was caused by conduct attributable to petitioner. Accordingly, respondent's determination is annulled and the respondent is directed to reinstate the petitioner's license. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.