■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER MASSONG, Respondent. — Order unanimously reversed, motion denied and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People appeal from an order suppressing the use in evidence of the results of a chemical test of defendant's blood for the purpose of determining the alcoholic content thereof, and the question is whether the test of an operator of a motor vehicle who, in the opinion of the arresting officer, was feigning unconsciousness was made in violation of section 1194 of the Vehicle and Traffic Law. Trooper John Hibsch arrested defendant on December 27, 1981 and charged him with driving while intoxicated under section 1192 of the Vehicle and Traffic Law. After initially refusing, defendant agreed to submit to a chemical test of his breath, but shortly thereafter slumped to the floor and appeared

to be unconscious. He was later transported to a hospital where, while still in this comatose state, a sample of his blood was extracted which showed a blood alcohol content of .19%. Prior efforts to awaken him by the police, the ambulance and hospital personnel were unavailing. When defendant fell to the floor, Trooper Hibsch formed an opinion that he was faking unconsciousness. He testified that defendant's vital signs appeared normal throughout the episode. In suppressing the test results the court held that the statute requires an unequivocal consent to the taking of the test and that defendant's conduct indicated a refusal to give consent. We disagree.

The statute provides that a person operating a motor vehicle is deemed to have given his consent to a chemical test to determine the alcoholic content of his blood provided he has either been placed under arrest for a violation of operating a motor vehicle while under the influence of alcohol or a breath test indicates that alcohol has been consumed by such person and the chemical test is administered within two hours (Vehicle and Traffic Law, § 1194, subd 1). Under such conditions if the person refuses to submit to such chemical test "the test shall not be given" and other sanctions apply (Vehicle and Traffic Law, § 1194, subd 2). However, a defendant who is unconscious or so disoriented that the police are unable to obtain his consent may be subjected to a blood alcohol test since the statute was not violated because "the defendant had not refused consent" (*People v Kates,* 53 NY2d 591, 595; see *People v Hall,* 91 AD2d 1002, affd 61 NY2d 834). Thus, the issue is not whether the person consented to the test but whether he refused to submit thereto. A refusal to submit may be evidenced by words or conduct (*Matter of Dykeman v Foschio,* 90 AD2d 892; *Matter of Sullivan v Melton,* 71 AD2d 797, 797-798; see *Matter of Van Sickle v Melton,* 64 AD2d 846; *Matter of Di Girolamo v Melton,* 60 AD2d 960; *Matter of White v Melton,* 60 AD2d 1000; *Matter of Cushman v Tofany,* 36 AD2d 1000). Pretending to be unconscious in our view would be conduct evidencing a refusal to submit to a chemical test. However, the record establishes that defendant appeared to be unconscious. Trooper Hibsch's lay opinion that it was feigned, which he held until he left the hospital after blood samples were taken, was based first on his observations of defendant and later because he felt that if he were in defendant's "place" the treatment administered by the ambulance crew would have awakened him. In our view, Trooper Hibsch was not qualified to express a medical opinion as to whether the defendant was unconscious or faking (see *Matter of Taney v Melton,* 89 AD2d 1000, 1001); his opinion was inapposite and because the defendant appeared unconscious there was no refusal to submit

to the chemical test which was properly administered. (Appeal from order of Monroe County Court, Leonard Maas, J. — motion to suppress.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.