■ JOYCE McPHERSON, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to Executive Law § 298 to review an order of the respondent New York State Division of Human Rights, dated June 22, 1983, which, after a hearing, found that respondent Pan American World Airways, Inc. did not discriminate against petitioner on the basis of sex, in violation of the Human Rights Law (Executive Law art 15), and dismissed her complaint.

Order confirmed and proceeding dismissed, without costs or disbursements.

The determination that petitioner was not subjected to discrimination because of her sex has a rational basis in the record and, accordingly, vacatur is not warranted (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Vola v New York State Human Rights Appeal Bd.,* 96 AD2d 513). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ THOMAS P. MORINA, JR., Petitioner, v JOHN PASSIDOMO, as Successor by Law to LESLIE G. FOSCHIO, Commissioner of Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent dated January 24, 1984, which, after a hearing and appeal, revoked petitioner's driver's license and imposed a $100 penalty.

Determination confirmed and proceeding dismissed on the merits, with costs.

The record contains substantial evidence to support the finding that petitioner was driving while intoxicated, in violation of Vehicle and Traffic Law § 1192, and that he refused to submit to a chemical test for the purpose of determining the alcoholic content of his blood, in violation of Vehicle and Traffic Law § 1194. Although there was conflicting evidence, it was for the administrative law judge to weigh the conflicting evidence and assess the credibility of the witnesses. We may not substitute our judgment for his judgment (*Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979).

We have considered petitioner's other contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.