OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that there was substantial evidence to support the affirmative findings made pursuant to Vehicle and Traffic Law § 1194 (3) (a) following the license revocation hearing. The testimony of the police officer established that the officers had reasonable grounds to suspect that petitioner’s car was following their car too closely, in violation of Vehicle and Traffic Law § 1129 (a), and thus the stop of his car was justified (see, People v Ingle, 36 NY2d 413, 414). Petitioner’s subsequent actions, coupled with the officers’ observations, provided reasonable grounds to believe that petitioner had been driving in violation of Vehicle and Traffic Law § 1192.
Petitioner’s willingness to undergo the chemical test to determine the alcohol content of his blood approximately 1 hour and 40 minutes after his arrest does not preclude a determination that he had refused to take such test within the meaning of Vehicle and Traffic Law § 1194 (3) (a). The evidence supported the finding that he refused at several times shortly after his arrest to take the test, and after being given the requisite warnings, asserting that the police had no reason to stop him or that he was not intoxicated. The two-hour time period set forth in Vehicle and Traffic Law § 1194 (1) is an evidentiary rule (see, Matter of White v Fisher, 49 AD2d 450).
We have examined petitioner’s other contentions and find them to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Judgment affirmed, with costs, in a memorandum.