■ In the Matter of EUNICE A. NICOL, Petitioner, v PETER J. GRANT, JR., as Chairman of the Administrative Appeals Board of the State Department of Motor Vehicles, et al., Respondents.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondent Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle.

Petitioner was arrested during the early morning hours of May 21, 1984 for driving while intoxicated after an officer of the South Glens Falls Police Department in Saratoga County observed her vehicle traveling in excess of the speed limit and repeatedly crossing over the road's center line. Petitioner stopped her vehicle and was ultimately taken to the police station for a breathalyzer test. While at the station, petitioner was read her rights and warned that her failure to submit to a breathalyzer test could result in revocation of her license. She initially stated that she would take the test but, before the test could be administered, changed her mind and refused to subject herself to the breathalyzer test. Later, when her cousin arrived at the police station and persuaded her to take the test, she again consented to having the test administered, but the police were no longer willing to perform the test on her, despite the fact that her recantation of her earlier refusal

to take the test came within the two-hour statutory period for administration of the test (see, Vehicle and Traffic Law § 1194 [1]).

The sole issue raised for our consideration is whether there is substantial evidence in the record to support the determination that petitioner refused to submit herself to the breathalyzer test within the meaning of Vehicle and Traffic Law § 1194 (3) (a). Petitioner urges that, because she first consented to taking the test, then refused and, still within the statutory two-hour period, again consented, there was no refusal on her part within the meaning of the statute. We cannot agree. The two-hour period set forth in Vehicle and Traffic Law § 1194 (1) is an evidentiary rule used to qualify the result of the test for admission into evidence (Matter of Viger v Passidomo, 65 NY2d 705, 707; Matter of White v Fisher, 49 AD2d 450, 451). It does not necessarily confer additional privileges upon a person who has been requested to take the breathalyzer test and does not extend her rights in point of time (Matter of White v Fisher, supra, p 451). Here, petitioner, after first consenting to taking the test, then unequivocally stated that she would not subject herself to the test. Her later recantation of such refusal, despite the fact that it was still within the two-hour period, did not, under the circumstances of this case, "suffice to undo that refusal" (Matter of O'Brien v Melton, 61 AD2d 1091), thereby entitling her to take the test. There is, therefore, substantial evidence in the record to support the determination that petitioner refused to take the breathalyzer test within the meaning of Vehicle and Traffic Law § 1194 (3) (a) (see, Matter of O'Brien v Melton, supra; Matter of Reed v New York State Dept. of Motor Vehicles, 59 AD2d 974; Matter of White v Fisher, supra).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.