■ In the Matter of WILLIAM M. EHMAN, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of the Department of Motor Vehicles of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated December 19, 1984, which, after a hearing, revoked the petitioner's driver's license and imposed a $100 penalty.

Determination confirmed and proceeding dismissed on the merits, with costs.

The arresting officer testified that he observed that the petitioner's vehicle was weaving from lane to lane as it tailgated the vehicle in front of it. The officer stopped the petitioner's vehicle and, in obtaining his registration, he observed that the petitioner had bloodshot eyes, which were glassy, and he smelled of alcohol. He exhibited difficulty in maintaining his balance. The petitioner was arrested and taken to the station house where he was read the warning on an "Alcoholic Influence Report". The petitioner refused to take a sobriety test as required by Vehicle and Traffic Law § 1194. He so indicated by writing the word "Refuse" on the "Alcoholic Influence Report" and initialing it.

The petitioner now argues that a test should have been administered to him when he was initially stopped. Vehicle and Traffic Law § 1194 authorizes the police officer to decide the type of test to be administered; it does not provide an option to the petitioner *(Matter of Gilman v Passidomo,* 109 AD2d 1082). In any case, questions of credibility were within the province of the Administrative Law Judge to determine *(Morina v Passidomo,* 109 AD2d 783). Since the petitioner had written "Refuse" on the "Alcoholic Influence Report", there was no question as to whether he was offered an opportunity to take a sobriety test. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.