■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST FEINE, Appellant. [643 NYS2d 281] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction of driving while intoxicated. He contends that, upon finding that defendant was feigning unconsciousness, County Court should have suppressed the results of a chemical test of a blood sample drawn from his body without consent or a court order (*see*, Vehicle and Traffic Law § 1194 [2] [b]). We disagree.

The court's finding that defendant had feigned unconsciousness does not mandate the conclusion that he refused to take the chemical test. If a person is unconscious or appears to be unconscious, he is deemed to have impliedly consented to a chemical test (*see, People v Massong*, 105 AD2d 1154, 1155-1156). Feigning unconsciousness constitutes a refusal only when it is apparent that defendant is feigning unconsciousness for the purpose of refusing to take the test (*see, People v Massong, supra*, at 1155). Here, the court's determination that the police officers reasonably believed that defendant was unconscious is supported by the evidence at the suppression hearing. There is no merit to the contention that the police should have administered a DWI refusal warning when defendant asked the lab technician why he was drawing blood. Defendant testified at the suppression hearing that, while feigning unconsciousness, he heard the officers read those warnings to him on three occasions before the blood sample was drawn. Likewise lacking in merit is defendant's contention that the police should have been in the treatment room while the blood was

being drawn. (Appeal from Judgment of Wyoming County Court, Dadd, J.—Vehicular Manslaughter, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.