■■■ In the Matter of DOLORES MIRACLE, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [756 NYS2d 819] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Seneca County (Bender, J.), entered November 25, 2002, seeking to compel respondents to restore petitioner's operator's license.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: The determination that petitioner, by her conduct, refused to submit to a chemical test to determine her blood alcohol level is supported by substantial evidence (*see Matter of Di Girolamo v Melton*, 60 AD2d 960 [1978]). Where a chemical test fails "for reasons attributable to petitioner, it is proper to find no consent by [her] to take it" (*Matter of Van Sickle v Melton*, 64 AD2d 846, 846 [1978]; *see Di Girolamo*, 60 AD2d 960 [1978]). In this case, the Administrative Law Judge was entitled to credit the testimony of police officers that petitioner refused to comply over the testimony of petitioner that she was physically unable to comply, and that credibility determination should not be disturbed (*see Matter of Beaver v Appeals Bd. of Admin. Adjudication Bur., State Dept. of Motor Vehs.*, 68 NY2d 935 [1986], *revg on dissenting mem* 117 AD2d 956, 958-959 [1986]; *see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). We note that here, as in *Beaver*, there was no testimony to establish that petitioner's "lung capacity was insufficient for the purposes of the breathalyzer test" (*Beaver*, 117 AD2d at 959 [dissenting mem]). Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.