■ In the Matter of PAMELA G. FERRIS, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, Respondent. [21 NYS3d 780]—

Proceeding pursuant to CPLR article 78 (transferred to the

Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [David A. Murad, J.], entered Nov. 10, 2014) to vacate and annul the determination of respondent. The determination revoked the driver's license of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking her driver's license based upon her refusal to submit to a chemical test to determine her blood alcohol level (see Vehicle and Traffic Law § 1194 [2] [d]). Respondent upheld the determination of the Administrative Law Judge (ALJ) following a hearing that petitioner refused, by her conduct, to submit to a chemical test to determine her blood alcohol level following her arrest for driving while intoxicated (see § 1194 [2] [c]). Contrary to petitioner's contention, the ALJ was entitled to credit the testimony of two police officers that the inability to obtain an adequate sample from petitioner following two attempts to complete a chemical breath test was the result of petitioner's failure to blow adequately into the breathalyzer machine, and that she verbally refused their offer to allow her to provide a third sample (see Matter of Miracle v New York State Dept. of Motor Vehs., 303 AD2d 1053, 1053 [2003]). We conclude that the determination is supported by substantial evidence (see Matter of Beaver v Appeals Bd. of Admin. Adjudication Bur., State Dept. of Motor Vehs., 68 NY2d 935 [1986], revg on dissenting mem 117 AD2d 956, 958-959 [1986]; Miracle, 303 AD2d at 1053; Matter of Van Sickle v Melton, 64 AD2d 846, 846 [1978]). Present—Scudder, P.J., Smith, Valentino, Whalen and DeJoseph, JJ.