# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1343**
**TP 14-02071**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PAMELA G. FERRIS, PETITIONER,

                    V                          MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES
APPEALS BOARD, RESPONDENT.

---

LEONARD & CURLEY, PLLC, ROME (MARK C. CURLEY OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (DOROTHY F. POWELL OF
COUNSEL), FOR RESPONDENT.

---

    Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [David A.
Murad, J.], entered November 10, 2014) to vacate and annul the
determination of respondent.  The determination revoked the driver's
license of petitioner.

    It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

    Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination revoking her driver's license based
upon her refusal to submit to a chemical test to determine her blood
alcohol level (*see* Vehicle and Traffic Law § 1194 [2] [d]).
Respondent upheld the determination of the Administrative Law Judge
(ALJ) following a hearing that petitioner refused, by her conduct, to
submit to a chemical test to determine her blood alcohol level
following her arrest for driving while intoxicated (*see* § 1194 [2]
[c]).  Contrary to petitioner's contention, the ALJ was entitled to
credit the testimony of two police officers that the inability to
obtain an adequate sample from petitioner following two attempts to
complete a chemical breath test was the result of petitioner's failure
to blow adequately into the breathalyzer machine, and that she
verbally refused their offer to allow her to provide a third sample
(*see Matter of Miracle v New York State Dept. of Motor Vehs.*, 303 AD2d
1053, 1053).  We conclude that the determination is supported by
substantial evidence (*see Matter of Beaver v Appeals Bd. of Admin.
Adjudication Bur., State Dept. of Motor Vehs.*, 68 NY2d 935, *revg on
dissenting mem* 117 AD2d 956, 958-959; *Miracle*, 303 AD2d at 1053;

*Matter of Van Sickle v Melton*, 64 AD2d 846, 846).