Matter of Read v Egan (2019 NY Slip Op 04701)





Matter of Read v Egan


2019 NY Slip Op 04701


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-11083
 (Index No. 5202/16)

[*1]In the Matter of Alan W. Read, petitioner, 
v
Theresa L. Egan, etc., respondent.


John A. Poka, Monroe, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 29, 2016, affirming a determination of an administrative law judge which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated March 29, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The findings of the administrative law judge are supported by substantial evidence (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d 677, 678, affd 33 NY3d 926). The evidence adduced at the hearing included the testimony of the arresting trooper, the testimony of the trooper who warned the petitioner of the consequences of refusing to submit to a chemical test, and the written report of the petitioner's refusal to submit to the test. This evidence demonstrated that the police had reasonable grounds to believe that the petitioner had committed at least one traffic infraction and had been driving a motor vehicle while under the influence of alcohol or drugs in
violation of Vehicle and Traffic Law § 1192.
Furthermore, the evidence demonstrated that the police had probable cause to arrest the petitioner, and that the trooper gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test. The evidence also demonstrated that following attempts to complete a chemical breath test, the police were unable to obtain an adequate breath sample from the petitioner as a result of the petitioner's failure to blow adequately into the instrument. Therefore, the determination of the administrative law judge that by his conduct the petitioner refused to submit to a chemical test to determine his blood alcohol level is supported by substantial evidence (see Vehicle and Traffic Law § 1194[2][c]; Matter of Beaver v Appeals Bd. of Admin. Adjudication Bur., State Dept. of Motor Vehs., 68 NY2d 935; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d at 678; Matter of Ferris v New York State Dept. of Motor Vehs. Appeals Bd., 134 AD3d 1441, 1442; Matter of Miracle v New York State Dept. of Motor Vehs., 303 AD2d 1053). Contrary to the petitioner's contention, the police were not obligated to administer a blood test to the petitioner simply because he requested one (see Matter of Ehman v Passidomo, 118 AD2d 707, [*2]708; Matter of Gilman v Passidomo, 109 AD2d 1082, 1082; Matter of Cushman v Tofany, 36 AD2d 1000, 1001; see also Matter of Litts v Melton, 57 AD2d 1027, 1027). In addition, the petitioner improperly relies upon medical reports that he did not attempt to introduce into evidence during the hearing. "[J]udicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Featherstone v Franco, 95 NY2d 550, 554 [internal quotation marks omitted]; accord Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110).
There is no evidence in the record to support the petitioner's allegation that the administrative law judge prejudged the facts (see Matter of Gatto v Adduci, 182 AD2d 760, 761).
The petitioner's remaining contentions are without merit.
Therefore, the determination of the administrative law judge that the petitioner, by his conduct, refused to submit to a chemical test to determine his blood alcohol level is supported by substantial evidence.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court