taining the suit. The Ninth defense is not only insufficient in law (*Pollitz* v. *Wabash R. R. Co.*, 150 App. Div. 709, 713; *Johnson* v. *King-Richardson Co.*, 36 F. 2d 675), but additionally is intolerable in its present form. Clearly proof of most of the allegations would be inadmissible at a trial. The defense is a congeries of irrelevant, evidentiary, prejudicial, conclusory and argumentative material that should not have been permitted to stand. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v. STANLEY SHAPIRO, Appellant.— Defendant has been convicted of a violation of section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, which reads in part as follows: "nor shall any person knowingly authorize or permit the operation or driving of a motor vehicle owned by him or in his charge upon a public highway of this state by any person who is not duly licensed". There was no proof from which the City Magistrate could properly have found that defendant authorized or permitted the operation of his automobile by a person who he knew was an unlicensed driver. The People failed to prove actual knowledge of that fact on the part of defendant, nor was there any proof of circumstances warranting an inference of such knowledge. Such an essential element of the People's proof was the establishment of defendant's knowledge of the fact that the person operating his car with his consent was an unlicensed driver, the judgment of conviction must be reversed on the law, the fine remitted and a new trial ordered. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for Washington Square Southeast Slum Clearance Project Bounded by West Broadway and Other Streets, in the Borough of Manhattan. BENZIGER BROS., INC., Respondent.— The decree is modified so as to fix the total award for Damage Parcel No. 132 at $274,424, and is otherwise affirmed. In determining the value of the building, using the capitalization of estimated net income method, those portions of the premises occupied by the statutory tenant at a controlled rent, should not have been valued on the basis of an uncontrolled fair market rental. Giving the claimant the benefit of all the other findings made by Special Term, the use of appraisals based on the controlled rent paid by the statutory tenant results in a reduction of the building value to $226,000, the land value remaining unchanged. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ FELIPE S. TAPIA, Respondent, v. PAVIL DIACON-ZADEH, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ VINCENZO CARPENTIERI, Respondent, v. OTTILIA S. CARPENTIERI, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ LOUIS EPSTEIN, Respondent, v. ROSE EPSTEIN, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of FIAT, SOCIETA PER AZIONI et al., Respondents, against WILLIAM VAUGHAN, Individually and Doing Business as FIAT SALES AND SERVICE, et al., Appellants.— In this proceeding for a summary injunction pursuant to the Penal Law (§ 964), the relief granted at Special Term is too broad. The individual defendant conducts several business enterprises from the same premises and all are listed under the same telephone number.