■ In the Matter of WARREN E. VAN TASSELL, Petitioner, v. NEW YORK STATE COMMISSIONER OF MOTOR VEHICLES, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle. On December 22, 1972 a member of the Glens Falls Police Department, responding to the scene of a reported accident, observed a vacant vehicle with front end damage located off the traveled portion of a two-lane highway and in contact with a light pole. A passerby directed the officer across the street to a building in which the petitioner was attempting to make a telephone call to report an accident. The officer then " asked him if he had been involved in an accident and he indicated he had." Petitioner produced a valid license and registration for the vehicle involved in the accident. His arrest for driving while intoxicated was followed by a refusal to submit to a test to determine the alcoholic content of his blood. After a hearing, respondent revoked his license to operate a motor vehicle for failure to take that test, and this proceeding was commenced to review that determination. The crucial question is whether there is substantial evidence to support the respondent's finding that the investigating officer had reasonable grounds to believe petitioner had been driving his motor vehicle while in an intoxicated condition. We answer the question in the affirmative. While there is ample evidence that petitioner was intoxicated, there is less proof to indicate that he was driving. The only evidence as to the latter is an ambiguous admission made to the arresting officer, that defendant was " involved " in an accident. The nature of his involvement is not detailed. In People v. Matthews (11 A D 2d 784) and People v. Hemleb (4 A D 2d 878) convictions for driving while intoxicated were reversed because there was no proof, other than the defendants' admissions, to establish that they were driving. Of course, those cases arose under a statute requiring corroborating evidence to sustain the conviction (Code Crim. Pro., § 395 [now CPL 60.50]) and the standard of proof beyond a reasonable doubt differed from that involved here. All the police officer here required was reasonable grounds to believe that petitioner was driving while intoxicated (Vehicle and Traffic Law, §§ 1193, 1194) and, while the admission alone may not be sufficient to sustain a conviction on that charge, it was sufficient to establish a probable cause for arrest. The arrest having been lawfully made, petitioner refused to acquiesce at his peril. The subsequent refusal by petitioner to take the required test after due compliance with all statutory requirements properly resulted in revocation of his operator's license. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.