■ In the Matter of DONALD W. TOMPKINS, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent revoking petitioner's operator's license. While operating his pickup truck in the Village of Margaretville on January 30, 1975, petitioner was involved in a one-car accident. A State trooper arrived to investigate the incident and, after some conversation with him, arrested petitioner for operating a motor vehicle while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). It is conceded that the appropriate warning was given (Vehicle and Traffic Law, § 1194). According to the trooper, petitioner was then asked if he would submit to a chemical test, to which he replied, "No way." Petitioner acknowledged his answer, but said he was only asked if he "objected" to that test. This response was construed as a refusal by respondent and his license was revoked following a hearing. In this proceeding petitioner asserts (1) that the investigating officer lacked reasonable grounds to believe that he had been *driving* while intoxicated, (2) that he was not arrested, and (3) that he did not refuse to take the chemical test. As to the first contention, it is petitioner's claim that there was some evidence of the consumption of beer by him between the time of the accident and the arrival of the trooper which accounted for the odor of alcohol on his breath and a slurring of his speech. Such an argument has been rejected heretofore in a strikingly similar factual situation (*Matter of Boyle v Tofany,* 36 NY2d 1012). The other issues raised by petitioner relate to questions of credibility or the weight and interpretation of evidence, matters which were within the sole province of respondent to resolve. Since there is substantial evidence in the record to support those determinations, we must affirm (*Matter of Van Tassell v New York State Comr. of Motor Vehicles,* 46 AD2d 984; *Matter of Williams v Tofany,* 46 AD2d 708). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.