■ In the Matter of SPORT & FUN, INC., Petitioner, v BRUCE G. RATNER, as Commissioner of the Department of Consumer Affairs, Respondent. — Pro-

ceeding pursuant to CPLR article 78 to review so much of a determination of the respondent as, after public hearings, held that three game machines, Penny Falls, Splashdown and Silver Falls, "are games of chance which eject something of value for which licenses may not properly be issued", and revoked the licenses for those game machines. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, with costs to respondent payable by petitioner. Respondent is charged with the responsibility of licensing "common show" games as defined by section B32-40.0 of the Administrative Code of the City of New York. In 1977 and 1978 the games of Penny Falls, Splashdown and Silver Falls were approved for licenses. In July, 1980, following hearings, respondent determined that, although skill may be a factor in winning, there exists a material element of chance and that, therefore, the licenses should be revoked. Petitioner, a common show operator — operators are licensed separately from the games themselves — commenced this proceeding to challenge the determination as to the three games. The objections raised are without merit. Petitioner's basic contention is that the determination is not supported by substantial evidence because a greater quantum of proof is required for the revocation of a previously issued show game license. The case law is otherwise (see *Matter of Albert Simon, Inc. v Myerson*, 36 NY2d 300). Moreover, even where the testimony is conflicting and would support two inferences equally, the agency's choice of inference must prevail (see *Matter of Collins v Codd*, 38 NY2d 269). Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.