■ In the Matter of ALEKSANDER BLIZINSKI, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's motor vehicle operator's license. The basis for the revocation of petitioner's license was a finding that petitioner refused to submit to a chemical test to determine his blood alcohol level. In this proceeding, petitioner contends that there is no substantial evidence in the record to support a finding that the arresting officer had reasonable grounds to believe that petitioner was driving while intoxicated or that petitioner was adequately warned of the consequences of his refusal to submit to the test. The testimony of the arresting officer, however, provides the substantial evidence necessary to support the

challenged findings. In particular, he testified that he could smell a strong odor of alcohol on petitioner's breath, that petitioner was slurring his words and that petitioner was stumbling around. He further testified that when petitioner stated that he was going to move his car, which was parked on the street, the officer advised him not to do so because of his intoxicated condition, and that when petitioner started the car and attempted to move it, the officer arrested him. The officer also testified that he carefully explained to petitioner several times the consequences of a refusal to submit to the test, but that petitioner refused. Despite conflicting testimony from petitioner, the arresting officer's testimony provides substantial evidence to support respondent's determination (*Matter of Korotki v Tofany,* 38 AD2d 738; see, also, *Matter of Leonard v Melton,* 58 AD2d 669). Petitioner also contends that his arrest was unlawful, but the testimony of the arresting officer, as outlined above, constituted reasonable grounds to believe that petitioner committed the crime of driving while intoxicated, which provided the basis for petitioner's arrest. Finally, petitioner contends that he was deprived of an opportunity to be heard because he was not advised that he should have a lawyer and he was not provided with an interpreter. The notice of hearing, however, specifically advised petitioner, in bold-faced type, that he could appear with counsel, and petitioner provided his own interpreter, his daughter, who assisted him at the hearing. Petitioner's arguments are without merit and, therefore, respondent's determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.