■ In the Matter of FREDERICK W. DYKEMAN, JR., Petitioner, v LESLIE G. FOSCHIO, as Commissioner of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Schenectady County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's motor vehicle operator's license. On January 3, 1981, petitioner was arrested on a charge of driving while intoxicated. Following a hearing, petitioner's driver's license was revoked by respondent for refusal to submit to a chemical test to determine his blood alcohol level. Petitioner commenced the present proceeding seeking to annul this determination. Initially, petitioner contends that there is an absence of substantial evidence in the record to support the finding that he was adequately warned of the consequences of his refusal to submit to the chemical test. This argument is based on the fact that the arresting officer's testimony was not corroborated. In our view, no corroboration of the officer's testimony was required. The officer testified concerning the facts surrounding petitioner's arrest and his refusal to submit to the test. He also testified that he explained to petitioner the

consequences of a refusal to submit to the test. The fact that petitioner testified to the contrary merely raised questions of credibility which were within the sole province of respondent to determine (*Matter of Tompkins v Melton,* 57 AD2d 682). In our view, the officer's testimony provided substantial evidence to support respondent's determination of this issue (see *Matter of Blizinski v Melton,* 86 AD2d 701). Petitioner also urges that respondent's finding that he refused to submit to the chemical test is not supported by substantial evidence relying on *Matter of Sullivan v Melton* (71 AD2d 797) wherein a determination revoking a driver's license for refusal to submit to a chemical test was annulled. In that case, however, the court specifically found that the petitioner therein was not advised that placing gum in his mouth would constitute a refusal (*Matter of Sullivan v Melton, supra*). In the present case, petitioner himself testified that he lit up a cigarette but put it out when he was told that smoking would be the same as refusing to take the test. In addition, he testified that he thereafter lit a cigarette and when he was again informed that if he smoked the cigarette it would be the same as refusing the test he just sat down and smoked the cigarette. We conclude that petitioner's argument in this regard is without merit (see *Matter of White v Melton,* 60 AD2d 1000). The determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.