■ In the Matter of DONALD RANDALL, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of the State of New York Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's license for refusal to submit to a chemical test. ¶ Trooper G. J. Mazzacano testified that on April 19, 1981 at approximately 3:15 A.M., he answered a call from a motorist which directed him to a stranded motor vehicle which the motorist had almost run into. The car was located half on Route 32 in the Town of Greenville, Greene County, heading south on the northbound lane, and half in a ditch. It was unoccupied and its motor was

turned off, but its headlights were on and it had pushed over a mailbox in the course of swerving into the ditch. The trooper obtained petitioner's name over the patrol car radio as the stranded car's owner. The officer was then informed by a tow truck driver who arrived on the scene that he had been summoned by petitioner to get the car and that he was also to pick up petitioner at a store in Freehold, about one mile away. The troopers located petitioner waiting there and observed that he had difficulty standing, his clothes were disheveled and he exuded the smell of alcohol. ¶ The troopers drove petitioner back to his car. In response to their question as to how the accident happened, petitioner stated that he had swerved off the road. He also told the officers that he had been alone in the car. There is no dispute that petitioner was then lawfully placed under arrest, after which he repeatedly refused to submit to a breathalyzer test. As a result, petitioner's driver's license was revoked by respondent pursuant to section 1194 of the Vehicle and Traffic Law. ¶ Petitioner argues in this proceeding that the determination revoking his license was erroneous in that it was based on a conclusion, i.e., that he was driving the car at the time of the accident, which was not supported by substantial evidence. He points to the countervailing evidence which he presented at the hearing to prove that he was not driving. According to petitioner's testimony, he had spent the night of April 18-19, 1981 drinking at the Hearthside Inn in Greenville with one Judith Anderson. After midnight, they left the bar in petitioner's car with Anderson driving, with the intent of traveling to petitioner's residence. En route, Anderson swerved to avoid hitting a deer and drove off the road. She then got a ride back to the Hearthside Inn with a passing motorist, leaving petitioner to call a tow truck. Petitioner claimed that he had no recollection of admitting to the officers that he had been driving the car and that he was alone at the time of the accident. Anderson corroborated petitioner's version of the story. ¶ The only issue raised on this appeal is that of credibility, i.e., the plausibility of the State trooper's version of what transpired on the night in question as opposed to that of petitioner and his witness. The issue was within the sole province of respondent to resolve (*Matter of Dykeman v Foschio,* 90 AD2d 892, 893; *Matter of Tompkins v Melton,* 57 AD2d 682, mot for lv to app den 42 NY2d 967). Since respondent accepted the officer's account and the record contains substantial evidentiary support for the determination that petitioner was in fact driving, in the form of his admissions to that effect made to the troopers prior to his arrest, we must confirm it (*Matter of Williams v Tofany,* 46 AD2d 708). ¶ Petitioner raises a second issue, contending that he is entitled to credit for the 49-day period of the temporary suspension of his license in the event that this court confirms respondent's determination revoking his license for a period of six months. However, since a stay pending appeal has been in effect and the revocation of petitioner's license, as ordered by the Commissioner has not yet been implemented, this issue is not properly before us on this appeal. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.