■ In the Matter of MARCIA M. ZWACK, Petitioner, v JOHN PASSIDOMO, as Commissioner of the Department of Motor Vehicles, Respondent. — Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which revoked petitioner's driver's license for refusal to submit to a chemical test.

At about 11:30 P.M. on October 2, 1982, Police Officer John Shewczyk responded to a call concerning an accident on Route 9 and Dunsbach Ferry Road in the Town of Colonie, Albany County, and found the automobile owned by petitioner in a ditch with a tow truck preparing to hook up to the vehicle. Petitioner acknowledged that the vehicle was hers and stated that she went into the ditch while attempting to avoid another vehicle. The officer testified that there was a strong odor of alcohol on petitioner's breath; that she was wobbly (on her feet); that her eyes were bloodshot; and that, when questioned, she said she had been drinking at a party. She refused to submit to an alcohol-sensor prescreening test and was arrested for driving while intoxicated (DWI). *Miranda* and DWI warnings were read to petitioner and she was transported to the police station where she again refused to submit to a chemical test to determine her blood alcohol content. An administrative law judge revoked her driver's license after a hearing, finding that all requirements of Vehicle and Traffic Law § 1194 had been met and that the officer's testimony should be credited over that of petitioner and her witness. The Administrative Appeals Board of the Department of Motor Vehicles affirmed the determination and respondent ordered revocation of petitioner's license, giving rise to this proceeding.

Petitioner's sole argument, that the determination to revoke her license is not supported by substantial evidence, is unpersuasive. Pursuant to Vehicle and Traffic Law § 1194 (3), a revocation hearing is limited to four issues, to wit: (1) did the police officer have reasonable grounds to believe that the person had been driving in violation of the Vehicle and Traffic Law § 1192; (2) was the arrest lawfully made; (3) was the person given sufficient warning in clear language that refusal to submit to a chemical test would result in revocation of her license; and (4) did the person refuse to submit to the test. Petitioner does not dispute items (3) or (4), but argues that the officer lacked reasonable grounds to believe that she had been driving while intoxicated and that her arrest was unlawful. The record

disproves these arguments and demonstrates instead the existence of substantial evidence to support respondent's determination. In a somewhat similar factual pattern, this court has recently held the resolution of the issue of the plausibility of the police officer's testimony, when compared to conflicting testimony offered by witnesses on behalf of petitioner, is within the sole province of respondent (*Matter of Randall v Passidomo,* 101 AD2d 670, 671; *see also, Matter of Dykeman v Foschio,* 90 AD2d 892, 893). The exhibits presented, the testimony of the officer and petitioner's own testimony (which differed radically from statements allegedly made at the arrest scene and in the police station) provide the requisite substantial evidence to support the determination which discredited her testimony (*see, Matter of Stark v New York State Dept. of Motor Vehicles,* 104 AD2d 194; *Matter of Randall v Passidomo, supra,* p 671; *Matter of Blizinski v Melton,* 86 AD2d 701).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.