■ In the Matter of BERTRAM LEAVY, Petitioner, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Motor Vehicles, dated April 22, 1987, which affirmed a determination of

an Administrative Law Judge made after a hearing to revoke the petitioner's operator's license.

Adjudged that the determination of the Commissioner of Motor Vehicles is confirmed, and the proceeding is dismissed on the merits, with costs.

On August 11, 1985, at approximately 1:10 A.M., an automobile operated by the petitioner collided with a telephone pole, allegedly as a result of the petitioner's attempt to avoid a vehicle which had crossed over into his lane. Two police officers who subsequently arrived at the scene testified that they smelled alcohol on the petitioner's breath and observed that his eyes were glassy and his gait unsteady. The petitioner was arrested for driving while under the influence of alcohol. Although the arresting officer warned the petitioner that refusal to submit to a breath test would result in immediate suspension and subsequent revocation of his operator's license, regardless of the disposition of his drunk driving charge, the petitioner twice refused to submit to the test.

At a subsequent hearing, the Administrative Law Judge found reasonable grounds to believe that the petitioner was driving while intoxicated and was lawfully arrested for that offense. The respondent Commissioner affirmed the foregoing findings and the petitioner's operator's license was revoked. We confirm the determination.

In a proceeding pursuant to CPLR article 78, review of factual determinations reached after an administrative hearing at which evidence was taken pursuant to direction by law is limited to whether the finding is supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230; Matter of Rivera v Beekman, 86 AD2d 1, 5). At bar, the finding that there was reasonable cause to arrest the petitioner for driving while intoxicated was amply supported by the testimony of two police officers, both of whom had independently detected alcohol on the petitioner's breath at the scene of the single-vehicle accident and observed the petitioner's unsteady gait and glassy eyes. While there was conflicting evidence adduced at the hearing, the Administrative Law Judge was not obligated to accept the inferences most favorable to the petitioner (see, Matter of Sport & Fun v Ratner, 82 AD2d 890, 891).

In light of the foregoing, we conclude that the determination was supported by substantial evidence in the record. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.