■ In the Matter of CHARLES P. KELLY, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 13, 1989 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking petitioner's driver's license.

Initially, we note that this proceeding should have been immediately transferred to this court by Supreme Court (see, CPLR 7804 [g]; Matter of Pratt v Melton, 72 AD2d 887, affd 51 NY2d 837). Supreme Court improperly made findings of fact contrary to those of the Administrative Law Judge.

Review of the record demonstrates that the determination resulting in the revocation of petitioner's driver's license for his refusal, after his arrest for driving while intoxicated in violation of Vehicle and Traffic Law § 1192, to submit to a chemical test for the purpose of determining the alcoholic content of his blood in violation of section 1194 of the law is

supported by substantial evidence and must be upheld (Vehicle and Traffic Law § 1194; *see also, Morina v Passidomo,* 109 AD2d 783; *Matter of Zwack v Passidomo,* 108 AD2d 1009). The Administrative Law Judge could properly conclude from the evidence presented, although some of it was conflicting, that the arresting officer gave the required warning to petitioner prior to petitioner's refusal to submit to the test. "[I]t was for the administrative law judge to weigh the conflicting evidence and assess the credibility of the witnesses" *(Morina v Passidomo, supra).* The judgment of Supreme Court should therefore be reversed, the determination confirmed and the petition dismissed.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.