294

[613 NYS2d 1000]

In the Matter of MARINELLI CONSTRUCTION CORPORATION, Appellant, v STATE OF NEW YORK et al., Respondents.

Third Department, June 30, 1994

### APPEARANCES OF COUNSEL

*Morrison & de Roos,* New York City *(Edward A. Morrison* and *Valerie A. Wolfman* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* Albany *(Denise A. Hartman* and *Peter G. Crary* of counsel), for respondents.

### OPINION OF THE COURT

CARDONA, P. J.

On May 17, 1990 petitioner, through its principal and majority shareholder, Nicholas Marinelli, applied to respondent Governor's Office of Minority and Women's Business Development (hereinafter respondent) for certification pursuant to Executive Law article 15-A as a minority business enterprise.[1] Respondent denied the application and petitioner appealed requesting a hearing. Following an evidentiary hearing, the Hearing Officer recommended that petitioner's application be denied. Respondent, in its final order dated January 31, 1992, assumed without a finding that Marinelli was of Hispanic *descent,* noted that the birthplace of the applicant's parents was not alone determinative of minority group membership, found that he was not of Hispanic or Indian *origin,*

---

1. The article is intended to affirmatively promote and increase participation by minority and women-owned business enterprises on State contracts and subcontracts *(see,* Executive Law § 311 *et seq.).*

and sustained the decision denying certification. Petitioner commenced this proceeding seeking annulment of the determination. Supreme Court, applying the arbitrary and capricious standard, found the determination to be rationally based and dismissed the petition. Petitioner appeals.

■ Initially, we note that respondent's determination was made after a quasi-judicial hearing at which evidence was taken as required by law *(see,* 9 NYCRR 544.5-544.7). Therefore, the appropriate standard to be applied upon CPLR article 78 review is whether, on the entire record, the determination is supported by substantial evidence *(see,* CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The proceeding should have been transferred to this Court *(see,* CPLR 7804 [g]; *Matter of Bevacqua v Sobol,* 176 AD2d 1, 3; *Matter of Christopher v Phillips,* 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706; *Matter of Kelly v Commissioner of Motor Vehicles of State of N. Y.,* 154 AD2d 768). Nevertheless, we may now consider the matter as if properly transferred in the first instance *(see, Matter of Segrue v City of Schenectady,* 132 AD2d 270, 273-274; *Matter of Smith v Coughlin,* 111 AD2d 503, 504-505).

Executive Law § 310 (8) defines "Minority group member" as:

"a United States citizen or permanent resident alien who is and can demonstrate membership in one of the following groups * * *

"(b) Hispanic persons of Mexican, Puerto Rican, Dominican, Cuban, Central or South American of either Indian or Hispanic origin, regardless of race".

The implementing regulations (9 NYCRR 540.1) correct the apparent grammatical error in the statute by adding the word "descent":

"(n) *Minority group member.* A United States citizen or permanent resident alien who is and can demonstrate membership in one of the following groups * * *

"(2) Hispanic persons of Mexican, Puerto Rican, Dominican, Cuban, Central or South American *descent* of either Indian or Hispanic origin, regardless of race" (emphasis supplied).

■ In support of his claimed Hispanic origin, Marinelli, a United States citizen, submitted a copy of the birth certificate of his father, Angelino Marinelli (hereinafter Angelino), who was born and raised in Argentina. Angelino emigrated to the United States and married Marinelli's mother, a non-His-

panic. The certified translation of the birth certificate states in pertinent part that Angelino was born to: "Donato Marinelli, thirty-four (34) years of age, an Italian, residing on the Avenida Mate de Luna, son of Nicolas Marinelli and of Isabel Denardes * * * and of Feliza Montazza, thirty-two (32) years of age, an Italian, residing at the same house, daughter of Cayetano Montazza and of Augustina Buchiles."

Petitioner contends that the birth certificate of Angelino establishes not only Marinelli's Hispanic "descent" but also his Hispanic "origin". To support this claim petitioner argues, first, that the two terms are synonymous and, therefore, if Nicholas Marinelli is of Hispanic descent he is also of Hispanic origin. We disagree. In the context of this case, the statute is clearly intended to benefit only those Hispanic citizens or resident aliens born in, or who have a parent born in, the Americas, Puerto Rico, Cuba or Santo Domingo, but not European-born Hispanics. In order to give effect to the statute's purposes, therefore, "descent" is used to signify nationality or continental affiliation of the applicant's parents while "origin" is used to identify the source or roots of the parent(s)' ethnicity as either Hispanic or Indian.

Petitioner has satisfied the first prong of the minority group test because the birth certificate of Angelino, the father of its majority shareholder indicates that he was born in Argentina. Therefore, petitioner's majority shareholder is of South American descent.

Contrary to petitioner's second argument, however, the birth certificate does not demonstrate the Hispanic origin of its majority shareholder. Although Marinelli's paternal ancestors have Spanish-sounding surnames, Denardes, Montazza and Buchiles, the birth certificate describes their offspring, his grandparents, as "Italian". Although petitioner claims that this description was a class distinction assigned by the Argentinian authorities to denote people who were fluent in the Spanish and Italian languages as opposed to their nationality, petitioner did not offer any proof to support this assertion. The birth certificate permits a reasonable inference, i.e., that Angelino's parents were not Hispanics, but Italians, residing in Argentina. Accordingly, we find respondent's determination that petitioner failed to satisfy its burden of proof[2] demonstrating its entitlement to certification to be supported by

2. The regulations place the burden of proving eligibility for minority business certification on the applicant (see, 9 NYCRR 544.2 [c] [1]).

substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

Petitioner's remaining arguments lack merit.

CREW III, CASEY, WEISS and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed, without costs.