In the Matter of ROBERT A. ANDRESEN, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [643 NYS2d 598] —Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Department of Motor Vehicles, dated April 14, 1994, which adopted the recommendation of an Administrative Law Judge, made after a hearing, finding that the petitioner violated Vehicle and Traffic Law § 375 by operating a motor vehicle with defective rear lights, and that this defect contributed to the happening of a fatal automobile accident on August 21, 1991.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We reject the petitioner's claim that the administrative determination was not supported by substantial evidence because it was based on hearsay. Hearsay evidence is admissible in administrative proceedings (*see, Matter of Lumsden v New York City Fire Dept.,* 134 AD2d 595, 596), and if sufficiently relevant and probative may serve as the basis for an administrative determination (*see, Matter of Gray v Adduci,* 73 NY2d 741, 742; *People ex rel. Vega v Smith,* 66 NY2d 130, 139-140). Here, the report of the police officer who performed a safety inspection on the petitioner's vehicle the day after the accident in question was sufficiently relevant and probative to support the decision of the Administrative Law Judge, and consequently the determination of the respondents. Accordingly, the respondents' determination that the petitioner violated Vehicle and Traffic Law § 375 by operating a motor vehicle with defective rear lights was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.