■ In the Matter of NEW YORK CITY WATER BOARD, Petitioner, v MICHAEL D. ZAGATA, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. [659 NYS2d 138] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Environmental Conservation concerning certain water rates to be charged by petitioner.

When upstate municipal corporations or water districts buy water from the New York City water supply system, they must pay New York City the fair and reasonable water charges or rates for the water that they take (*see*, Administrative Code of City of NY § 24-360 [a], [b]). Upon the application of either party, the rates will be fixed by respondent Department of Environmental Conservation (hereinafter DEC) after hearing all interested parties (*see*, Administrative Code of City of NY § 24-360 [b]). These charges or rates may not exceed the charges or rates charged by New York City to persons using water in

the City (see, Administrative Code of City of NY § 24-360 [c]). The charges or rates are determined on the basis of the actual total cost of the water to New York City, after deducting from the total costs all construction costs and expenses of operation, maintenance and carrying charges incurred in connection with the distribution and delivery of the water within New York City limits (see, Administrative Code of City of NY § 24-360 [c]).

In 1992, petitioner approved an increase in the rate for upstate users to $165.23 per million gallons (hereinafter /MG) for phase II (eff July 1, 1993) of a two-year phase period. Westchester County challenged petitioner's proposed rate based on a report prepared by its own consultant, which would reduce the rate from $165.23/MG to $153.71/MG. In the hearing conducted by DEC, an Administrative Law Judge determined the rate to be $158.31/MG and phased it in over two years, 87% in the first year and increasing that by 13% in the second year. Respondent Commissioner of Environmental Conservation (hereinafter the Commissioner) determined that the rate set by the Administrative Law Judge was fair and reasonable, as were the percentages of the phase-in, so that the rate charged by petitioner to upstate communities which take water from the New York City water supply system should be $137.73/MG effective July 1, 1992 and $158.31/MG effective July 1, 1993. Petitioner commenced this CPLR article 78 proceeding seeking to annul certain portions of the Commissioner's determination.

Initially, petitioner claims that the Commissioner's use of fiscal year 1988 as a basis for estimating fiscal year 1990 chemical costs was not supported by substantial evidence and was, therefore, improper. Because the cost of fluoride increased 150% and the cost of chloride increased 12% from fiscal year 1988 to fiscal year 1989, the Administrative Law Judge concluded that such drastic increases were isolated and unusual instances and provided no reasonable basis for estimates of future chemical expenses. As a result, the Administrative Law Judge made a downward adjustment from the fiscal year 1989 costs of $3,391,081 to the fiscal year 1988 costs of $1,839,040. Petitioner objects to this adjustment and contends that there was a reasonable basis to conclude that fiscal year 1989 chemical costs were a well-considered estimate of future expenses.

The record demonstrates, however, that petitioner spent $2,625,000 on chemical costs in fiscal year 1992 and $3,391,081 for the fiscal year 1989, a figure that is substantially higher than the costs in 1992. Petitioner further argues that the deci-

sion to rely on fiscal year 1988 chemical costs, rather than fiscal year 1989 costs, or fiscal year 1988 costs raised to a reasonable approximation of fiscal year 1990 costs, was entirely unjustified by the record and arbitrary and capricious. However, having determined that the unusually high increase of costs between 1988 and 1989 was an isolated event, it was reasonable for the Commissioner to use fiscal year 1988 chemical costs as the basis and add only 5% to the computation to account for inflation over that period. We conclude, therefore, that the Commissioner's adjustment of chemical costs was supported by substantial evidence (*see, Matter Marinelli Constr. Corp. v State of New York*, 200 AD2d 294, 296).

Furthermore, we believe that the Commissioner acted within the scope of his authority in phasing in the increased rate. The Commissioner has been given the power to fix fair and reasonable charges or rates to be charged by petitioner to upstate communities after hearing all interested parties (*see*, Administrative Code of City of NY § 24-360 [b]). This rate increase was the first increase in 20 years and was admittedly substantial. Petitioner cannot complain of spreading the implementation over a two-year period when petitioner itself proposed to implement the increase over two years by imposing 87% of the rate in the first year and increasing that by 13% in the second year. Therefore, the Commissioner acted reasonably and within his power in fixing the rate for the 1992 fiscal year at $137.73/MG and $158.31/MG for the 1993 fiscal year and in exercising his discretion in phasing that rate in over a two-year period. Accordingly, the determination is in all respects confirmed.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.