■ In the Matter of LANCE A. LIEBEL, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent. [690 NYS2d 94] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Motor Vehicles of the State of New York, dated September 29, 1997, which adopted the recommendation of a Hearing Officer to revoke the petitioner's license for six months.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's allegation, there is substantial evidence to support the determination of the respondent. The police officer's stop of the petitioner's vehicle was authorized based on the officer's observation of a violation of the Vehicle and Traffic Law (*see, People v Schroeder,* 229 AD2d 917; *People v Nicolo,* 166 AD2d 912; *People v Sherwood,* 160 AD2d 1203, 1204). Further, based on the officer's observations before and after the stop, he had reasonable grounds to believe that the petitioner was driving while impaired or intoxicated (*see, Matter of Boyle v Tofany,* 36 NY2d 1012; *Matter of Tompkins v Melton,* 57 AD2d 682). Accordingly, his requests that the petitioner submit to a field sobriety test and breathalyzer test were proper, and the petitioner's refusal to submit to either test warranted revocation of his license (*see, Matter of Boyle v Tofany, supra;* Vehicle and Traffic Law § 1194).

The petitioner's remaining contention is without merit (*see, Matter of Finocchairo v Kelly,* 11 NY2d 58, *cert denied* 370 US 912). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.