■ In the Matter of NORTHLAND TRANSPORTATION, INC., Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor

Vehicles of the State of New York, et al., Respondents. [706 NYS2d 501] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found that petitioner permitted one of its drivers to operate a bus while under the influence of alcohol.

Petitioner is an authorized motor carrier engaged in the business of transporting school-age children. Vehicle and Traffic Law § 509-*l* (2) (b), as relevant here, states: "No motor carrier shall * · * * permit a driver to * * * be on duty or operate a bus if, by such person's general appearance or by such person's conduct or by other substantiating evidence, such person appears to have consumed * * * an intoxicating liquor within the preceding six hours" (*see also,* 15 NYCRR 6.25). In December 1997, petitioner was charged by the Department of Motor Vehicles with violating this statute after one of its bus drivers was arrested for, and later convicted of, driving a commercial vehicle under the influence of alcohol (*see,* Vehicle and Traffic Law § 1192 [5]).

At an administrative hearing on the charge, the following facts were developed. On the morning of June 19, 1996, State Trooper Carla Dirienzo was dispatched to Interstate Route 787 following a report of a broken-down school bus. The driver of the disabled bus, Debra Stemisky, was en route to pick up school children in a nearby town. Upon approaching Stemisky on the side of the road, Dirienzo "immediately" detected a strong odor of alcohol on her breath. Dirienzo further observed that Stemisky's eyes were glassy. When asked if she had been drinking, Stemisky responded that "she had been out all night into the early morning hours at a friend's house." After failing four field sobriety tests, Stemisky was placed under arrest and a subsequent breathalyzer test revealed a blood alcohol content of 0.07%.

At the close of the Department's proof at the administrative hearing, which, in addition to Dirienzo's testimony, included the testimony of the director of the Department's bus driver certification unit, petitioner moved to dismiss the charge on the ground that the Department failed to make a prima facie showing that petitioner permitted Stemisky to operate the bus under the influence of alcohol. Petitioner argued that the use of the term "permit" in the statute required proof of "some affirmative act on the part of [petitioner]" and because no such proof was offered, a prima facie violation of the statute was not established. The Administrative Law Judge (hereinafter ALJ) denied the motion, finding that a prima facie case had been established.

At this point in the proceeding, petitioner chose not to present any evidence in defense of the charge, a decision made with a full understanding that the ALJ was entitled to draw a negative inference from petitioner's failure to present any testimony under 15 NYCRR 127.5 (b). A negative inference was in fact drawn by the ALJ, and petitioner was found guilty of violating Vehicle and Traffic Law § 509-*l* (2) (b) and fined $2,500. The determination was administratively affirmed, prompting the instant proceeding.

Vehicle and Traffic Law article 19-A was enacted in 1974 with the express purpose of implementing "special requirements for bus drivers and motor carriers" (Mem of NY State Dept of Motor Vehicles, Bill Jacket, L 1974, ch 1050) to ensure the safe transport of passengers entrusted to their care. The legislative history also reveals the Legislature's intent to place the onus on motor carriers to ensure general compliance with Vehicle and Traffic Law article 19-A (*see, id.*, at 2 ["much of the enforcement of the legislation rests with the motor carrier"]; Budget Report on Bills, at 2, Bill Jacket, L 1974, ch 1050). The express language of the statute at issue, consistent with this legislative history, places the burden on motor carriers to comply with its mandates.

In light of the undisputed evidence that Stemisky manifested immediately apparent signs of intoxication, namely, the strong odor of alcohol on her breath, glassy eyes and the inability to walk in a straight line, and the complete lack of evidence concerning what efforts, if any, petitioner took in June 1996 to comply with the statute, namely, to observe and evaluate the "general appearance or * * * conduct" of its drivers to ensure that none appeared to be under the influence of drugs or alcohol before operating a bus, substantial evidence supports the determination (*see*, CPLR 7803 [4]). We note that "[t]he courts have long held that a statute which holds a person liable for having permitted or suffered a certain activity may only be enforced against one who knew, *or should have known*, that the activity would take place" (*Property Clerk, N. Y. City Police Dept. v Pagano,* 170 AD2d 30, 35 [emphasis supplied]; *see, People ex rel. Price v Sheffield Farms-Slawson-Decker Co.*, 225 NY 25, 30). With respect to Vehicle and Traffic Law § 509-*l* (2) (b), we find that a motor carrier may be found guilty if it knew or, through the exercise of reasonable diligence and simple observation should have known, that one of its drivers appeared to have consumed alcohol in the preceding six-hour period (*see generally, Matter of Danzo Estate v New York State Liq. Auth.*, 27 NY2d 469, 474; *Matter of Migliaccio v O'Connell,*

307 NY 566; *Matter of B.C.D. & S. Enters. v New York State Liq. Auth.*, 202 AD2d 785, 786).

To the extent that petitioner suggests that the Department had an affirmative duty to prove by direct evidence that it knowingly required and/or permitted Stemisky to operate the bus that day, we are unpersuaded since actual knowledge is not an essential element of the statute (*compare, People v Shapiro*, 5 AD2d 821, *affd* 4 NY2d 597 [analyzing burden of proof in prosecution of a statute that prohibits an owner of a motor vehicle from *knowingly* authorizing or permitting the unlicensed operation of said vehicle]).

As noted, petitioner apparently made a tactical decision not to defend the charge. The fairest negative inference that can be drawn from the lack of *any* testimony on petitioner's part is that petitioner simply had no procedure in place at that time to address the clear mandates of the statute. If it had, Stemisky's obvious intoxicated appearance and conduct would have been observed and she would not have been permitted to drive the bus that morning. As noted in *People ex rel. Price v Sheffield Farms-Slawson-Decker Co.* (*supra*, at 30), "there is no safety in ignorance if proper inquiry would avail."

Petitioner's remaining contentions, including the contention that Vehicle and Traffic Law § 509-*l* (2) (b) is unconstitutional on vagueness grounds, have been reviewed and rejected.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.