■  In the Matter of PHILIP M. MANNINO, Petitioner, v DEPARTMENT OF MOTOR VEHICLES OF STATE OF NEW YORK—TRAFFIC VIOLATIONS DIVISION, Respondent. [956 NYS2d 120]—

To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d at 839). " 'The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]; *see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d at 839).

A review of the record demonstrates that the findings of the Administrative Law Judge are supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School*

*Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 231-232). The evidence adduced at the hearing demonstrated that the police officer who arrested the petitioner in a parking lot after the petitioner's motor vehicle was involved in an accident had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192 and that the officer lawfully arrested the petitioner (*see* Vehicle and Traffic Law § 1194 [2] [c]; *Matter of Robinson v Swarts*, 82 AD3d 986 [2011]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]; *Matter of Eyrich v Jackson*, 267 AD2d 237 [1999]; *Matter of Leavy v Commissioner of Motor Vehs. of State of N.Y.*, 141 AD2d 643 [1988]). The only testimony presented at the administrative hearing was that of the police officer, who arrested the petitioner for a violation of Vehicle and Traffic Law § 1192 (3). The officer testified that, although he did not witness the accident or the petitioner in his motor vehicle when the officer arrived on the scene, he was told by witnesses, softball players who were present in the parking lot but were not identified in the police accident report, that the petitioner had been driving his vehicle when the accident occurred. Contrary to the petitioner's contentions, "[h]earsay evidence can be the basis of an administrative determination" (*Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *see Matter of Andresen v State of N.Y. Dept. of Motor Vehs.*, 227 AD2d 617, 618 [1996]; *Matter of Butler v Nassau County Civ. Serv. Commn.*, 175 AD2d 159, 161 [1991]). Further, the officer testified that, at the accident scene, the petitioner admitted that he was the driver of the vehicle (*see Matter of Zwack v Passidomo*, 108 AD2d 1009 [1985]; *Matter of Randall v Passidomo*, 101 AD2d 670 [1984]). The petitioner did not testify that he did not make such an admission to the officer (*see* 15 NYCRR 127.5 [b]; *Matter of Northland Transp. v Jackson*, 271 AD2d 846, 848 [2000]).

Moreover, in appealing from the Administrative Law Judge's determination, the petitioner did not contest that there was substantial evidence to support the Administrative Law Judge's findings that the police officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused to submit to the chemical test (*see* Vehicle and Traffic Law § 1194 [2] [c]; *Matter of Robinson v Swarts*, 82 AD3d 986 [2011]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]; *Matter of Eyrich v Jackson*, 267 AD2d 237 [1999]; *Matter of Leavy v Commissioner of Motor Vehs. of State of N.Y.*, 141 AD2d 643 [1988]).

The petitioner's remaining contention is not properly before

this Court, as it was not raised in the administrative hearing (*see Matter of Gonzalez v State Liq. Auth.*, 30 NY2d 108, 112 [1972]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]; *Matter of Myles v Doar*, 24 AD3d 677, 678 [2005]; *Matter of Ambery v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund*, 298 AD2d 582 [2002]). Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.